EDUARDO TORRES BATIZ, Appellant, *v.* THE REGISTRAR OF PROPERTY OF UTUADO, Respondent.

No. 1296.   Submitted May 6, 1953.—Decided June 30, 1953.

*Miguel Bahamonde* for appellant. The Registrar did not appear.

MR. JUSTICE SIFRE delivered the opinion of the Court.

This is an administrative appeal from the decision of the Registrar of Property of Utuado refusing to record a deed of assignment of hereditary rights.

Herminio Torres Lugo left ten heirs, among them Alejandro Santos and appellant Eduardo Torres Batiz. A joint ownership in a certain farm which was assessed for purposes of inheritance tax at five thousand dollars by the former

Treasurer of Puerto Rico was the only property left at his death. After deducting the inheritance tax, there remained $2,980 as the value of the property to be distributed. By public deed, Santos assigned to appellant for $314 "every right and interest that might belong to him in the inheritance . . . of Herminio Torres Lugo." Appellant presented the assignment deed for recordation. With the deed he presented an inheritance tax exemption receipt as to the joint ownership. Recordation was refused on two grounds, (1) "because there was no proof of the proportionate share corresponding to each heir"; (2) "because the transaction probably amounted to a gift without being accompanied either by a gift tax receipt or one of tax exemption." The request for recordation being denied, a cautionary notice for a hundred and twenty days was entered. Appellant asks us to reverse this decision and to order the recordation of the deed. He contends that the respondent, who made no appearance, erred in concluding that the assignment was not recordable on the ground that there had been no adjudication as to the share belonging to each heir of Torres Lugo, and in concluding that the assignment probably amounted to a gift.

We agree with appellant's contention. "That a transfer by an heir of all his rights and actions in an inheritance is perfectly valid and creates rights in the grantee, is the constant jurisprudence of this court." *Rola* v. *Succession of Hernández*, 15 P.R.R. 738; *Velilla* v. *Pizá et al.*, 17 P.R.R. 1069–70; *Plantations Company* v. *Smith*, 23 P.R.R. 365–66; *Soriano et al.* v. *Rexach et al.*, 23 P.R.R. 531. *Succession of Rivera* v. *Hernández et al.*, 26 P.R.R. 728, 730. The right of an heir to inherit from his father accrues at the death of the latter and from that moment the heir may alienate his inheritance. *Méndez* v. *Registrar of Property*, 18 P.R.R. 777. A deed conveying a hereditary right is recordable although no suitable adjudication of the property has been made, provided the right previously has been recorded in the name of the transferor, and even if the latter

is a mere participant and his share in the inheritance is determined by the amount which its value represents and not by his proportionate share in the property. *Quiñones* v. *Registrar of Property*, 16 P.R.R. 15, *Cortés* v. *The Registrar*, 20 P.R.R. 131.[1]

■ As to that part of the Registrar's decision which states that the assignment probably "amounts to a gift," the form of the refusal does not show on what ground it was made. Such a statement is a mere conjecture which, so far as we have been able to determine, has no merit.

We must call the attention of registrars to their duty to state clearly the real grounds for their refusal to record or make an entry. They should not leave to the applicants or to this Court the task of guessing at them.

The Registrar's decision is reversed and the deed will be recorded.

---

[1] It appears from respondent's brief that the condominium was recorded in the name of the heirs of Torres Lugo as a co-ownership of undivided property.